BILL SWAD LEASING CO., APPELLEE, *v.* THE STATE OF OHIO ET AL., APPELLANTS.

(No. 82AP-471—Decided November 18, 1982.)

*Messrs. Topper, Alloway, Goodman, DeLeone & Duffey, Mr. Joel Mirman* and *Mr. John F. Stock,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. B. Douglas Anderson,* for appellants.

WHITESIDE, P.J. Defendants-appellants appeal from an order of the Franklin County Court of Common Pleas and raise three assignments of error, as follows:

"1. The lower court erred in holding that [the] Registrar of the Bureau of Motor Vehicles has the duty to register without charge motor vehicles leased to the United States Postal Service for a period of one year or more.

"2. The lower court erred in finding that [the] United States Postal Service was the owner of the vehicles in question.

"3. The lower court erred in finding that the appellee acted as the agent for the United States Postal Service when it requested registration without charge."

Plaintiff-appellee, Bill Swad Leasing Co., brought this action seeking injunctive and declaratory relief contending that defendants are required to register certain motor vehicles titled to plaintiff which are leased for a period of more than one year to the United States Postal Service and are used exclusively in the exercise of a federal governmental function. The trial court entered a judgment declaring that plaintiff "has the right and the Registrar of the Bureau of Motor Vehicles has the duty to register without charge all motor vehicles leased by plaintiff to the

United States Postal Service for periods of one year or more." In the accompanying written decision, the trial court relied upon R.C. 4503.16 and 4503.17, finding that, under the circumstances involved, and for the purposes of those statutes, "the United States Postal Service was the owner of the vehicles in question * * * and that plaintiff was acting as agent for the United States Postal Service when it requested registration without charge for the subject postal vehicles." R.C. 4503.16 provides in part that: "The registrar of motor vehicles shall accept any application to register a motor vehicle owned by the federal government that may be made by any officer, department, or agent of such government."

The parties have relied upon two Attorney General Opinions, one rendered in 1920 and one in 1927, as being dispositive of the present meaning of R.C. 4503.16, defendants contending that the reasoning of those Attorney General Opinions indicates that the vehicles in question are not owned by the United States Postal Service. We disagree for two basic reasons. First, the reasoning of the Attorney General in these opinions appears to be consistent with the conclusions of the trial court. In the first, 1920 Ohio Atty. Gen. Ops. 121, 123, No. 962, the Attorney General concluded that "* * * a motor vehicle used by a post office employe, whether rented by him or owned and operated by him under an allowance from said post office department, is not subject to the state tax when used exclusively in connection with the business of the post office department. * * *" In the second opinion, 1927 Atty. Gen. Ops. 2579, 2584, No. 1412, the Attorney General concluded that it was the duty of the Registrar of Motor Vehicles to grant registration without charge of a motor vehicle which the federal government has an exclusive right to use pursuant to a lease or contract "* * * if application for the registration of said motor vehicles be made by any officer, department or agent of the United States government * * *."

The second reason why these opinions are not now applicable is because of the definition of "owner" as set forth in G.C. 6290, which was in effect at the times involved, as follows: " 'Owner' includes any person, firm or corporation other than a manufacturer or dealer having title to a motor vehicle or the exclusive right to the use thereof for a period of greater than thirty consecutive days." (115 Ohio Laws, Part II, 300, 301.) If such definition of "owner" were presently in effect, it would be abundantly clear that the vehicles would be deemed to be owned by the federal government under R.C. 4503.16.

However, G.C. 6290 was amended in 1935 (116 Ohio Laws 286) to delete from the definition of "owner" the language pertaining to exclusive use of the vehicle. In other words, the word "owner" was amended to include only a person "having title to a motor vehicle," which is essentially the present definition set forth in R.C. 4501.01(V). In the same amendment, other language of G.C. 6295 (now R.C. 4503.16) formerly reading "[p]ublicly owned and operated motor vehicles used exclusively for public purposes shall be registered as provided in this chapter, without charge of any kind * * *" (115 Ohio Laws 97, 101), was amended to read "[m]otor vehicles, the title to which are in the state or any political subdivision thereof and used exclusively for public purposes, shall be registered as provided in this chapter * * *." (116 Ohio Laws 286, 292.) The provision for registration of vehicles owned by the federal government remained unchanged and read essentially as it does today.

At the next session of the General Assembly, in 1937, G.C. 6295-1 was amended as stated in the title to the Act (117 Ohio Laws 48) "relative to exemption from registration fee of certain motor vehicles under contract with the United States government." G.C. 6295-1 exists today as R.C. 4503.17 and virtually identical language remains, providing that:

"When the post-office department

has the exclusive right and supervision of the use of a motor vehicle for a period of one year under contract by a United States civil service employee, the United States government shall be considered the owner of such vehicle and entitled to the registration thereof without charge."

Defendants contend that this 1937 enactment was a codification of the 1920 Attorney General Opinion. Nothing in the legislative history nor in either the Attorney General Opinion or the statute supports this contention. Rather, the need for the provisions of present R.C. 4503.17 as clarification of registration of vehicles used by the post office department was necessitated by the 1935 amendments to G.C. 6290 and 6295.

This case was tried in the trial court upon stipulated facts, including the following:

"2. Bill Swad Leasing has entered into contracts for the leasing of motor vehicles owned by it to the United States Postal Service.

"3. There are currently 235 motor vehicles in Ohio leased by Bill Swad Leasing to the United States Postal Service.

"4. The lease agreements between Bill Swad Leasing and the U.S. Postal Service are for varying terms, but in all events for more than one year.

"5. The motor vehicles so leased are in fact exclusively used by the U.S. Postal Service and display the legend 'U.S. Mail' on each front door panel.

"6. The motor vehicles so leased are kept during non-use periods in Postal Service owned or controlled parking areas."

The gist of defendants' argument is that R.C. 4503.17 applies only to contracts between the United States Post Office Department and federal civil service employees and, thus, cannot apply to contracts between plaintiff and the United States Post Office Department. Such contention would require a change or modification of the language of R.C. 4503.17 so as to substitute the word "with" for the word "by." Unfortunately,

the language of R.C. 4503.17 is not clear. The phrase "by a United States civil service employee" both by its language and placement creates an ambiguity. Without that language, the meaning of the section would be clear. The insertion of the language, however, gives rise to several possible interpretations. Although the statute was enacted in 1937, we are afforded no information as to administrative interpretation of the statute for the forty-five intervening years, the issue apparently being raised for the first time in this case.

The language of the statute is somewhat awkward if intended to refer only to contracts between civil service employees and the post office department as contended by defendants. On the other hand, the most literal meaning of the language is that the contract granting exclusive right and supervision of the use of a vehicle to the post office department must have been a contract executed by a United States civil service employee, which would include contracts with third parties executed by a United States civil service employee. Under such circumstances, both types of contracts executed by federal employees and involved in the 1920 Attorney General Opinion would be included, but the type of contract included in the 1927 Attorney General Opinion would not since it was a contract directly between the post office department and a nonemployee owner of a vehicle for the exclusive use of a vehicle by the post office department. Another possible meaning of the statute is that the use of the motor vehicle must be by a United States civil service employee, rather than by an employee of the owner of the vehicle. Although the phrase is slightly misplaced if this be the meaning, it would be difficult to insert the phrase at any other point in the sentence without creating a different ambiguity.

A reference back to the tax from which the exemption is given gives some insight as to the probable legislative in-

tent. R.C. 4503.02 expressly provides that "[a]n annual license tax is hereby levied upon the operation of motor vehicles on the public roads or highways * * *." In other words, the license tax is levied upon the operation of a vehicle upon the highways of the state, not upon the ownership of the vehicle, even though the owner is the one who is required to register the vehicle and pay the tax. The first element of the exemption is that "the post-office department has the exclusive right and supervision of the use of a motor vehicle * * *." It is clear, however, that the post office department may have the exclusive right and supervision of the use of a motor vehicle and still not operate the vehicle on the public highways unless the operation of the vehicle upon the highways is by a governmental employee. This limitation or requirement is furnished by the phrase "by a United States civil service employee," if intended to modify "use," rather than "contract." Thus, under that circumstance, the exemption would require that the operation of the vehicle on the public highways be exclusively by the post office department through a civil service employee, which would clearly make the operation of the vehicle (the subject of the tax) by the post office department, giving rise to a necessity for an exemption. If, however, the phrase is determined to modify the apparent last antecedent "contract," the actual operation of the vehicle may or may not be by the post office department, the crucial item being that a civil service employee entered into a contract for the vehicle whether it be operated by a civil service employee or some other person.

Accordingly, we find, pursuant to R.C. 1.49, that the most logical construction of this ambiguous statute is that a vehicle will be deemed owned by the United States Government if: (1) the motor vehicle is operated on the public highways of this state by a civil service employee of the United States Post Office Department; (2) that the post office department has entered into a contract for a period of at least one year for the use of the vehicle; and (3) that pursuant to the terms of that contract and in actual practice the post office department has the exclusive right and supervision of the use of the motor vehicle.

Turning specifically to the assignments of error, the first assignment of error is not well-taken in that the trial court did not err in finding that motor vehicles leased to the United States Postal Service for a period in excess of one year must be registered without charge, so long as the post office department has the exclusive right and supervision of the use of the motor vehicle and it is operated on the public highways of this state by a United States civil service employee.

Similarly, the second assignment of error is not well-taken because, under the stipulated facts, the trial court did not err in finding that the United States Postal Service is deemed to be the owner of the motor vehicles in question pursuant to the provision of present R.C. 4503.17. Although it is necessary, as we have found, that the vehicles be operated on the public highways by a United States civil service employee as a requisite to the application of R.C. 4503.17, this may reasonably be inferred from the stipulation that "[t]he motor vehicles so leased are in fact exclusively used by the U.S. Postal Service * * *."

The third assignment of error involves application of the provision of R.C. 4503.16 that the application for registration of a vehicle owned by the federal government may be made by any officer, department or agent of the federal government. The trial court found that the plaintiff is an agent of the federal government. We find no basis for this conclusion in the record. Possibly the lease agreement could make the lessor the agent of the government for the purpose of obtaining registration of the vehicle. However, there is no evidence in the record that this

is the case. In the absence of some evidence of agency, the lessor of a motor vehicle is not the agent of the lessee even for the purpose of registering the vehicle. The fact that plaintiff is the owner and the lessor of the motor vehicles in question does not give rise to any reasonable inference of agency between plaintiff and the lessee, United States Postal Service, whereby plaintiff would act as an agent of the United States Postal Service for the purpose of obtaining registration of the vehicles. Thus, there was no duty upon the defendants to issue registration of the motor vehicles without charge to plaintiff upon its application since plaintiff has not been shown to be an agent of the United States Postal Service, and such registration without charge will be made only upon application of such an agent. Accordingly, the third assignment of error is well-taken.

The trial court should have issued a declaratory judgment declaring: (1) that pursuant to R.C. 4503.16 and 4503.17, the Registrar of the Bureau of Motor Vehicles has a duty to register without charge all motor vehicles leased by plaintiff to the United States Postal Service for periods of one year or more where the motor vehicles are used exclusively by the United States Postal Service and operated exclusively by United States civil service employees upon application of an agent of the United States Government; (2) that plaintiff, as owner and lessor of the vehicles involved, has no right to such registration without charge and has not been demonstrated to be an agent of the United States Government for that purpose; and (3) when the United States Government is deemed owner of a motor vehicle pursuant to R.C. 4503.16 and 4503.17, the registration of that vehicle shall be in the name of the United States Government, not that of the owner-lessor of the vehicle. This is implied from the provision of R.C. 4503.16 that "* * * [t]he registrar shall also issue permanent license plates for all motor vehicles owned and registered by the federal government. * * *" In other words, the exemption is to the federal government as lessee of a motor vehicle, not to the lessor of the vehicle. If the owner-lessor desires to have the vehicle registered in its name, it must pay the requisite license tax.

For the foregoing reasons, the first and second assignments of error are overruled, and the third assignment of error is sustained, and the judgment of the Court of Common Pleas of Franklin County is reversed, and this cause is remanded to that court with instructions to enter a modified declaratory judgment in accordance with law and consistent with this opinion and to conduct such further proceedings as may be appropriate under the circumstances.

*Judgment reversed and cause remanded with instructions.*

REILLY and MOYER, JJ., concur.